UNITED STATES of America, Appellee,

v.

Elbert Ronald BOONE and Pecolia Anne Boone, Appellants.

No. 84-5146.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 6, 1984.

Decided April 9, 1985.

4. 9 Stat. 59, 63.

David P. Schippers, Chicago, Ill. (David P. Schippers & Associates, Chartered, Chicago, Ill., on brief), for appellants.

William G. Otis, Asst. U.S. Atty., Alexandria, Va. (Elsie L. Munsell, U.S. Atty., Alexandria, Va., Robert J. Seidel, Jr., Asst. U.S. Atty., Norfolk, Va., on brief), for appellee.

Before WINTER, Chief Judge, and HALL and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

Elbert Ronald Boone and Pecolia Anne Boone appeal their convictions by a jury on four counts of perjury arising from their testimony before a grand jury on February 14, 1983, regarding the purchase of an automobile from Sun Motor Cars, Inc. in violation of 18 U.S.C. § 1623 and on two counts of unlawfully, wilfully, knowingly and corruptly influencing, obstructing and impeding the due administration of justice by knowingly and wilfully testifying falsely and evasively in connection with their grand jury appearances in violation of 18 U.S.C. § 1503. Elbert Ronald Boone also appeals his convictions on two counts of unlawfully, wilfully and knowingly devising and intending to devise a scheme and artifice to defraud General Motors Accept-

ance Corporation and to obtain property by means of fraudulent statements and misrepresentations, by use of the United States mails in violation of 18 U.S.C. §§ 1341 and 1342. Finding no merit in the appellants' various arguments on appeal, we affirm.

## I.

Ronald Boone, while chief of police in Portsmouth, Virginia in 1977, accepted as a gift a Pontiac automobile from his longtime friend, Clarence Mixon, the co-owner of Sun Motor Cars, Inc. in Portsmouth. When Sun Motor Cars went out of business in July, 1982, General Motors Acceptance Corporation ("GMAC"), the company that had financed Sun's inventory, discovered that over fifty cars and trucks, including Boone's Pontiac, could not be accounted for. GMAC's resulting loss exceeded $500,000.

Subsequently, a grand jury investigation was undertaken to learn whether Mixon had defrauded GMAC of its security interest in the missing vehicles. As part of that investigation, the appellants were subpoenaed to appear before the grand jury and explain the circumstances surrounding their acquisition of the Pontiac in 1977. Both testified that they had paid over $9,000 in cash for the car. However, Mixon testified at trial that they had paid nothing. The perjury and obstruction of justice counts were based on this prevarication in the appellants' grand jury testimony. In addition, the two mail fraud counts against Elbert Ronald Boone were based upon his mailing of a falsified receipt and a falsified certificate of title to a GMAC attorney in the course of GMAC's investigation.

## II.

The appellants' primary argument on appeal is that the district court committed reversible error by not including them in the in-chambers conference with counsel in which the district court decided to substitute an alternate juror for a juror who had slept through much of the trial. We disagree. We concur with the Sixth Circuit that

> "[a]n in-chambers conference concerning the dismissal of a juror, while a stage of the trial within the meaning of Rule 43(a) and not excluded by Rule 43(b) or (c), is not a stage of the trial when the absence of the defendant would frustrate the fairness of the trial so long as counsel for the defendant is present (cites omitted)."

*United States v. Brown,* 571 F.2d 980, 987 (6th Cir.1978). Here, not only was the defense counsel present, but he actually requested that the juror be removed. The appellants cannot now be heard to argue that the trial court erred in acceding to their counsel's request. *See Brown, supra* at 987 ("[A]ppellants waived any claim of error as to their right to be present at the conference [since] [n]o objection was raised by defense counsel or appellant ... and no objection was raised thereafter during the trial."). *See also United States v. Jones,* 542 F.2d 186, 213 (4th Cir.), *cert. denied,* 426 U.S. 922, 96 S.Ct. 2629, 49 L.Ed.2d 375, 376 (1976). ("If, as it appears, this was an ex parte interview [by the trial judge], without the presence of defense counsel, the latter knew of the incident and raised no objection at any time [then] this is at best harmless error." (quoting *United States v. Doe,* 513 F.2d 709, 710 n. 1 (1st Cir.1975)).

## III.

The appellants raise three other grounds for reversal on appeal. First, the Boones argue that evidence relating to other crimes and prosecutorial comments referring to Ronald Boone's fear of public corruption charges were improperly admitted and constitute reversible error. We disagree.

Fed.R.Evid. 404(b) clearly prohibits the admission of "evidence of other crimes, wrongs or acts ... to prove the character of a person in order to show that he acted in conformity therewith." However, the rule further states that this evidence is admissible to prove "motive, opportunity,

intent, preparation, plan, knowledge, identity or absence of mistake or accident." The evidence and comments complained of here go to the Boones' motive in lying before the grand jury. Fearful that their public corruption would be discovered in the course of the grand jury investigation, they attempted to cover up the fact that they had received a free car from Mixon. The evidence of their involvement in other crimes was clearly probative in explaining why the Boones committed perjury. In addition, government counsel's references to the Boones' fear of public corruption charges accurately reflected the evidence in the record and were properly permitted to shed light on the appellants' motives in perjuring themselves before the grand jury.

■ Second, the appellants contend that their sixth amendment rights were violated by the district court's improper *Allen* charge.[1] In *United States v. Sawyers*, 423 F.2d 1335 (4th Cir.1970), we approved a modified, balanced *Allen* charge for use in this circuit. Subsequently, in *United States v. Stollings*, 501 F.2d 954, 956 (4th Cir.1974), we determined that if an *Allen* charge were to be issued, "it should be used in a form no stronger or less balanced

than the form prescribed in *Sawyers*."[2] That is precisely what the district court did in encouraging the jury to reach a verdict in this case. His comments were fair, neutral and balanced. They were nearly identical to the charge approved in *Sawyers*. The two paragraphs the district court added to the *Sawyers* charge did not harm the defendant; instead, they impressed upon the jury the government's heavy burden to prove the defendant guilty beyond all reasonable doubt and urged that a decision be made on guilt one way or the other. The fact that the jury deliberated seven hours after the recitation of the charge is further evidence that the district court's instruction did not unconstitutionally coerce a verdict.

■ Finally, the appellants argue that the district court impermissibly restricted their cross-examination of the government's chief witness, Clarence Mixon. We disagree. Our review of the record does not show the district court to have "repeatedly injected himself into the trial and unduly restricted counsel for the defendants" during their cross-examination of Mixon. *United States v. Cole*, 491 F.2d 1276, 1278–79 (4th Cir.1974). As a result, the district court committed no error dur-

---

**1.** In *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), the Supreme Court held that it was proper for courts to give supplemental charges to deadlocked juries encouraging jurors to be open-minded in their deliberations so that definitive verdicts might be reached. Hence, the *"Allen* charge" is also referred to as the "dynamite charge."

**2.** The recommended form is set forth in the margin of *Sawyers*, 423 F.2d at 1342 n. 7. It is the modified form suggested by the American Bar Association and the Committee on the Operation of the Jury System of the Judicial Conference of the United States. In relevant part, the approved charge reads as follows:

Length of deliberations; deadlocked jury.
(a) Before the jury retires for deliberation, the court may give an instruction which informs the jury:
(I) that in order to return a verdict, each juror must agree thereto;
(II) that jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;
(III) that each juror must decide the case for himself, but only after an impartial con-

sideration of the evidence with his fellow jurors;
(IV) that in the course of deliberations, a juror should not hesitate to reexamine his own views and change his opinion if convinced it is erroneous;
(V) that each juror who finds himself in the minority shall reconsider his views in the light of the opinions of the majority, and each juror who finds himself in the majority shall give equal consideration to the views of the minority;
(VI) that no juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a verdict.
(b) If it appears to the court that the jury has been unable to agree, the court may require the jury to continue their deliberations and may give or repeat an instruction as provided in subsection (a). The court shall not require or threaten to require the jury to deliberate for an unreasonable length of time or for unreasonable intervals.

ing the appellants' cross-examination of Clarence Mixon.

### IV.

For the foregoing reasons, the convictions of Elbert Ronald Boone and Pecolia Anne Boone are

AFFIRMED.