814 F.2d 655
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Albert Lewis ADAMS, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee.
v.
Charles Howard ADAMS, Defendant-Appellant.
 Nos. 86-5607, 86-5610.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 6, 1987.
Decided March 17, 1987.
 
 Before HALL and CHAPMAN, Circuit Judges, and MICHAEL, District Judge, for Western District of Virginia, sitting by designation.
 James J. Brink, Acting Federal Public Defender; Nelson R. Bickley, on brief), for appellants.
 David A. Faber, United States Attorney; Charles T. Miller, Assistant United States Attorney, on brief, for appellee.
 PER CURIAM:
 
 
 1
 Albert Lewis Adams and Charles Howard Adams are brothers. Each was charged in a separate indictment with manufacturing, by growing and cultivating, marihuana plants in violation of 21 U.S.C. Sec. 841(a)(1). By consent the cases were tried together and both brothers were convicted. The trial judge sentenced Charles Howard Adams to two years imprisonment, a special parole term of three years and a fifty dollar assessment, and he sentenced Albert Lewis Adams to two years and suspended all but six months of the prison term, together with three years probation and a fifty dollar assessment. The present appeal challenges the sufficiency of the evidence to support the verdict, claims error because of the charge given to the jury after it had announced it was deadlocked, and Charles Howard Adams claims the district judge abused his discretion in giving him a significantly greater sentence than was given to his brother. Finding no merit in these exceptions, we affirm.
 
 I.
 
 2
 During the summer of 1985, the West Virginia State Police were participating in a program designed to locate marijuana fields in remote mountainous areas of West Virginia. A helicopter was used, and when a field was spotted, the flight crew would hover in the area until officers on the ground could find the marijuana plants and destroy them. In September 1985 the search and destroy team located five patches of marijuana, containing a total of 261 sinsemilla marijuana plants in a very rugged and wooded area not far from the defendants' homes and there were clear foot paths leading through the woods to the marijuana patches. Charles Adams lived in a house and Lewis Adams lived in a trailer located at the base of this densely wooded area. Two large marijuana plants were found growing behind some tall bushes next to Charles' house. Various neighbors testified that the two defendants were seen on numerous occasions going into the wooded area and in the direction of the marijuana patches with various cultivating tools. The jury received the case in the late afternoon and deliberated for one and a half hours the first day. The next morning the jury returned at 9:30 a.m. and continued deliberations until noon at which time the foreman advised the judge that the jury could not reach a unanimous decision. Following the lunch break the court instructed the jury using the language in United States v. Boone, 759 F.2d 345 (4th Cir. 1985) as set forth in footnote 2 appearing on p. 348. The trial judge added one sentence to the language contained in Boone as follows:
 
 
 3
 "And my asking you to deliberate further is solely because I feel that both the government and the defense, the parties who are directly involved in this, have engaged or devoted a great deal of time and concern in effort to this case; and I believe that they would like to have it resolved if it could be resolved."
 
 
 4
 The jury resumed its deliberations and two and one half hours later reached the verdicts of guilty as to each defendant.
 
 II.
 
 5
 The essential elements necessary to convict under 21 U.S.C. Sec. 841(a)(1) are (1) that the defendant manufactured by planting, cultivating or growing a quantity of marijuana; and (2) that the defendant did so knowingly, willfully and intentionally.
 
 
 6
 These elements must be proved beyond a reasonable doubt and may be established by direct and/or circumstantial evidence. The evidence in the case was sufficient to convince a rational trier of the facts that the defendants were guilty beyond a reasonable doubt.
 
 
 7
 The above sentence which was added to the Boone charge was in no way coercive. The charge did not have an immediate effect upon the jury, because it deliberated another two and one half hours before reaching its verdicts. The charge as given was fair, neutral and balanced and did not coerce a verdict.
 
 
 8
 There is no merit to the claim that the trial judge abused his discretion in giving Charles Adams a longer sentence than that given to his bother Lewis. Charles Adams admitted on the stand that he had been previously found guilty of unlawful wounding in 1979. The sentence was within the maximum provided by law and the prior record of Charles would justify the difference in the two sentences.
 
 
 9
 AFFIRMED.