816 F.2d 674
 22 Fed. R. Evid. Serv. 1628
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert WALKER, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert WALKER, Defendant-Appellant.
 Nos. 86-5538, 86-5626.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 9, 1987.
Decided April 9, 1987.
 
 Before PHILLIPS and SPROUSE, Circuit Judges, and KAUFMAN, Senior District Judge for the District of Maryland, sitting by designation.
 W. Anthony Fitch (W. Gary Kohlman; Kohlman & Fitch, on brief), for appellant.
 Ellyn Marcus Lindsay, Department of Justice (Henry E. Hudson, United States Attorney, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Robert Walker appeals from the judgment of the district court entered after a jury found him guilty of stealing $5,000 in personal property in violation of 18 U.S.C. Sec. 661. We affirm.
 
 
 2
 On November 15, 1985, Joseph F. Claffy, the victim, stood in a ticket line of Pan American Airlines at Dulles International Airport with approximately $5,000 in $100 bills in a brown envelope in his jacket pocket. The evidence indicated that after Walker and an unidentified man bumped him several times from behind, Claffy asked Walker to stop. When Claffy reached the head of the line, he took the envelope containing the $5,000, showed it to the ticket agent, then returned it to a trouser pocket. He then reached for his valise, was bumped, and felt a hand reach into his pocket. Claffy testified that he turned and saw that the hand belonged to Walker. Claffy pursued Walker and his companion through the terminal, yelling for the police to stop the men. The two fleeing men separated and Claffy followed Walker. Walker ran out of the terminal but was intercepted by Federal Aviation Airport Police, who had been alerted by Claffy's yelling. Walker was questioned briefly, then arrested even though the money was not in his possession. Walker's companion was never apprehended.
 
 
 3
 At trial, the intercepting police officer, Officer Woodward, testified as an expert on the modus operandi of pickpockets. Among other things, he testified that pickpockets often work in pairs and one will frequently pass a victim's wallet to the partner who had distracted the victim. An FBI agent testified that, immediately following his arrest, Walker gave a fictitious name and stated that he had come to the airport to meet a lady friend, had not been near the Pan American ticket counter, and was walking, not running, outside the terminal when Officer Woodward intercepted him. Walker did not testify.
 
 
 4
 After trial and sentencing, Claffy's conduct came under scrutiny. The government learned that Claffy had purchased a pawn shop from Loren DeLoach. The day of the pickpocketing incident, he and DeLoach went to Dulles Airport to commence a trip to Pakistan where Claffy planned to buy rugs and jewelry for his new store. Unknown to Claffy at that time, DeLoach planned to purchase a large amount of heroin in Pakistan. At the end of the trip, Claffy agreed to bring the heroin into the United States as final payment of money he owed DeLoach on the sale of the pawn shop. DeLoach was arrested before Claffy could return the heroin to him. Claffy was arrested when he tried to sell the heroin. He pled guilty to one count of possession of heroin with intent to distribute. The government notified the court and Walker's defense counsel of Claffy's arrest. Walker moved for a new trial based on this newly discovered evidence, which the district court denied, concluding the evidence was cumulative or impeaching at most.
 
 
 5
 On appeal, Walker contends that the district court erred in denying his motion for a new trial based on newly discovered evidence and in admitting Woodward's expert testimony concerning the modus operandi of pickpocket teams. He also contends the district court abused its discretion in ruling that Walker's presence was not required at a sidebar conference, in finding that Walker's statements to the FBI agent were voluntary without holding a separate hearing, and in refusing to declare a mistrial.
 
 
 6
 A defendant must establish five elements to obtain a new trial on the grounds of newly discovered evidence: (1) the evidence must have been discovered after the trial; (2) the movant must have been diligent in its discovery; (3) the evidence may not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such as would probably produce an acquittal. Mills v. United States, 281 F.2d 736, 738 (4th Cir.1960); United States v. Yosuf, 508 F.Supp. 24, 26 (E.D.Va.1980). We agree with the trial court that Walker failed to establish the final three elements. The only new fact revealed as a result of Claffy's arrest was that he eventually became involved in a drug transaction. This fact is largely impeaching. The information on the trip to Pakistan is cumulative because Walker's counsel brought out inconsistencies in Claffy's pre-trial statements concerning his reasons for being at Dulles airport. The newly presented evidence was merely cumulative or impeaching, it was not material and it is improbable that it would have produced an acquittal after a new trial. The trial judge, therefore, properly denied the motion for a new trial.
 
 
 7
 Walker contends that the district court erred during trial in various rulings. He first argues that the court should not have allowed a police officer to testify as an expert on pickpockets. We disagree. Rule 702 of the Federal Rules of Evidence provides:
 
 
 8
 If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.
 
 
 9
 Under this rule, the trial court has broad discretion in ruling on proffered expert testimony and its decision should be sustained unless "manifestly erroneous." Salem v. United States Lines Co., 370 U.S. 31, 35 (1962); United States v. Young, 745 F.2d 733, 760 (2d Cir.1984), cert. denied, 105 S.Ct. 1942 (1985); see also Slakan v. Porter, 737 F.2d 368, 378 (4th Cir.1984), cert. denied, 470 U.S. 1035 (1985). Officer Woodward described his experience and training regarding pickpockets and the trial court apparently found him qualified to testify as an expert on the subject. Under the applicable rule, we cannot say that the court abused its discretion in allowing the testimony.
 
 
 10
 At trial, Walker's counsel objected to the FBI agent testifying about Walker's post-arrest statements to him. The court asked defense counsel why there had been no motion to suppress the statements and directed both counsel to approach the bench. In reply to defense counsel's request, the court indicated that the defendant's presence at the sidebar conference was not necessary. It also denied defense counsel's request to hold an Inman hearing, United States v. Inman, 352 F.2d 954 (4th Cir.1965), because the request was untimely and the jury already knew of the statements. The court inquired why defense counsel had not brought the existence of the statements to the court's attention before the jury was made aware of them. The court stated for the record that it found Walker's statements to have been made voluntarily. Under these circumstances, we do not believe the court erred in not permitting the defendant's presence at the sidebar conference. See United States v. Gagnon, 105 S.Ct. 1482, 1484 (1985); United States v. Boone, 759 F.2d 345, 347 (4th Cir.), cert. denied, 106 S.Ct. 176 (1985). Likewise, under these discrete circumstances, we find no error in the court's declining to hold an Inman hearing nor the court's finding that Walker's post-arrest statements to the FBI agent were made voluntarily.
 
 
 11
 Finally, we agree with the district court that it was not necessary to declare a mistrial because the jury may have seen a United States Marshal close and put away a pair of handcuffs. Walker was not handcuffed in the jury's presence, nor was he dressed in prison clothes. Estelle v. Williams, 425 U.S. 501 (1976), and United States v. Samuel, 431 F.2d 610 (4th Cir.1970), cert. denied, 401 U.S. 946 (1971), are, therefore, inapposite. The district judge acted well within his discretion in ruling there was no prejudice to Walker and therefore no need to declare a mistrial.
 
 
 12
 For the above reasons, the judgment of the district court is affirmed.
 
 
 13
 AFFIRMED.