929 F.2d 695
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark Alan SMITH, Defendant-Appellant.
 No. 89-5758.
 United States Court of Appeals, Fourth Circuit.
 Argued July 19, 1990.
Decided April 2, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-89-44-2)
 Robert Bruce King, King, Betts & Allen, Charleston, W.Va., for appellant.
 Mary Stanley Feinberg, Assistant United States Attorney, Charleston, W.Va. (Argued), for appellee; Michael W. Carey, United States Attorney, Charleston, W.Va., on brief.
 S.D.W.Va.
 AFFIRMED.
 Before DONALD RUSSELL and WIDENER, Circuit Judges, and FALCON B. HAWKINS, Chief United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Mark Alan Smith was convicted, after a jury trial, of making and using a false document in a matter within the jurisdiction of the United States Department of Housing and Urban Development ("HUD") in violation of 18 U.S.C. Sec. 1001. Smith challenges his conviction on a number of grounds. He contends that the evidence is insufficient to sustain the conviction, the government improperly amended the indictment, the court improperly refused to admit a government publication, and the jury was improperly instructed on two occasions. We think the district court committed no reversible error and affirm.
 
 
 2
 Smith was Development/Management Coordinator of the Charleston, West Virginia, Housing Authority ("Housing Authority"). In that capacity, he was responsible for the Housing Authority's implementation of HUD's Moderate Rehabilitation Program ("Mod Rehab"). The Mod Rehab program sought to increase the number of housing units available to low-income tenants. In exchange for satisfactory rehabilitation work by landlords, the Housing Authority, through HUD funding, agreed to pay rents up to 120% of the fair market rent in the area. The amount of the rent was based on, among other items, a Certification of Rehabilitation Costs and rehabilitation loan costs.
 
 
 3
 On May 6, 1984, Mark Aley, a landlord participant in the Mod Rehab program, submitted an application to Smith to place a three-unit apartment building located at 2111 Washington Street West, Charleston, on the Mod Rehab program. On January 3, 1985, Aley and the Housing Authority signed an Agreement to Enter a Housing Assistance Payments Contract. After Aley's delayed completion of the work, Smith performed two inspections and approved the building. Aley submitted invoices totalling $9,553.79 for materials used to rehabilitate the apartments. Labor costs of $4,760.00 brought the total to $14,313.79. This amount, however, was not sufficient to entitle Aley to receive maximum Mod Rehab rents. Aley then unsuccessfully attempted to borrow money to spend on the property in order to receive maximum rents. Aley next created a false deed of trust that purported to secure to Aley's parents a loan to Aley for $30,000, when Aley's parents had not, in fact, loaned him the money. After Smith informed Aley that the deed of trust was not good until recorded, Aley recorded the deed of trust on March 13, 1985. On March 14, 1985, Smith filled out the Certification of Rehabilitation Costs, using a figure of $30,365 as the actual cost of rehabilitation. This figure qualified Aley for maximum Mod Rehab rents. Adding machine tapes found in the file totalled $30,365. However, this total included a $14,000 figure not accounted for by a receipt. Although Aley told Smith the $30,365 figure was wrong, Smith persisted in including that figure which included the $14,000 amount unsupported by an invoice.
 
 
 4
 A grand jury indicted Smith on one count of making and using a false document in violation of 18 U.S.C. Sec. 1001 and eleven counts of mail fraud. Smith's first trial ended in a mistrial after the jury was unable to reach a verdict. In his second trial, the jury found Smith guilty on the false document charge and not guilty on the mail fraud counts.
 
 
 5
 Smith contends the evidence is insufficient to sustain the conviction. On review, the "verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Steed, 674 F.2d 284, 286 (4th Cir.1982). Fraudulent intent is not a necessary element for conviction for falsifying a document in violation of 18 U.S.C. Sec. 1001. Nilson Van & Storage Co. v. Marsh, 755 F.2d 362, 367 (4th Cir.), cert. denied, 474 U.S. 818 (1985). The government was required to show that Smith knowingly and willfully made and used or caused to be made and used a document which he knew to be false as to a material fact in relation to a matter within the jurisdiction of a department of the United States. United States v. Norris, 749 F.2d 1116, 1121-22 (4th Cir.1984), cert. denied, 471 U.S. 1065 (1985).
 
 
 6
 Viewed in the light most favorable to the government, there was sufficient evidence to convict Smith. Smith's inclusion of the figure of $14,000, as mentioned before, unaccounted for by invoices, in completing the Certification of Rehabilitation Costs enabled Aley to receive maximum rents. The jury heard testimony that when the Certification of Rehabilitation Costs was tendered by Smith to Aley for Aley's signature, Aley told Smith that the figure of $30,035 was wrong. Aley testified that the substance of Smith's reply was "That's the way we have to fill it out." The evidence supports the jury's finding of guilty.
 
 
 7
 Smith argues that the trial judge committed reversible error in failing to instruct the jury that "the fact that [Aley] is a convicted felon is a matter to be taken into account in judging his credibility." The court intended to give the instruction but inadvertently failed to do so. Because defense counsel did not object to the court's failure to give the instruction, we review under a plain error standard. United States v. Frady, 456 U.S. 152, 162-63 (1982) (citing Fed.R.Crim.P. 30 & 52(b)). The purpose of the plain error doctrine is to correct those errors that "seriously affect the fairness, integrity or public reputation of judicial proceedings." United States v. Young, 470 U.S. 1, 15 (1985) (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)). We think, however, that the failure to give the requested instruction did not result in "a miscarriage of justice." United States v. Frady, 456 U.S. at 163, n. 14. The jury in this case already knew that Aley had been convicted of a felony. We are of opinion that no plain error was committed.
 
 
 8
 The modified Allen charge given to the jury by the trial court was in accord with the charges upheld by this circuit in United States v. Sawyers, 423 F.2d 1335 (4th Cir.1970), and United States v. Boone, 759 F.2d 345 (4th Cir.), cert. denied, 474 U.S. 861 (1985). The district court specifically included the language we recommended in Sawyers.[1] The charge given, like the one in Boone, was fair, neutral and balanced. 759 F.2d at 348. The fact that the jury deliberated for three more hours after the charge was given is further evidence that the verdict was not coerced. See Boone, 759 F.2d at 348. Smith's assignment of error is thus without merit.
 
 
 9
 Smith's argument that the court committed reversible error by failing to admit a Program Integrity Bulletin ("Bulletin") into evidence is without merit. At the beginning of the defense's case, Smith offered the Bulletin into evidence. The court gave an indication that the Bulletin probably would not be admitted, but stated "I'm not going to rule on it just yet. I think it might be preferable for you to offer it at a later stage of the case." It appears that Smith never again offered the Bulletin. Since the court, in the second trial, never definitively ruled on the admissibility of the Bulletin, Smith's only argument must be that it was plain error for the judge to defer his ruling on the admissibility of the Bulletin. This argument is without merit.
 
 
 10
 We are also of opinion that the defendant's claim that the government improperly amended the indictment is without merit.
 
 
 11
 The judgment of the district court is accordingly
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 In Sawyers we recommended that the following be included in a modified Allen instruction:
 that each juror who finds himself in the minority shall reconsider his views in the light of the opinions of the majority, and each juror who finds himself in the majority shall give equal consideration to the views of the minority.
 423 F.2d at 1342 & n. 7, 1343.
 The trial court, in the instant case, included the following in his charge:
 Each of you in the minority should reconsider your views in the light of the opinions of the majority. And each of those of you, of course, in the majority should reconsider your views, as well, in the light of the opinions of those of the minority. Of course, none of you should surrender your honest conviction as to the weight or effect of the evidence solely or for the mere purpose of returning a verdict.