**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 95-5417

TYRONE T. SEDGWICK, a/k/a T Bone,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 95-5418

SHANNON B. PULLIAM,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 95-5428

CORWIN TYRELL WOODSON,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.
                                                                               No. 95-5461

BERNARD MAURICE JAMES, a/k/a
Cheeks,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-94-79)

Argued: April 5, 1996

Decided: May 29, 1996

Before HALL, NIEMEYER, and HAMILTON, Circuit Judges.

_____

No. 95-5417 affirmed; No. 95-5418 affirmed; No. 95-5428 affirmed
in part, vacated in part and remanded for resentencing; and No.
95-5461 affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Peter Dean Eliades, MARKS & HARRISON, Hopewell,
Virginia, for Appellant James; Craig Stover Cooley, Richmond, Vir-
ginia, for Appellant Sedgwick; Janipher Winkfield Robinson, Rich-
mond, Virginia, for Appellant Pulliam; Gary Raymond Hershner,
MORRISSEY, HERSHNER & JACOBS, Richmond, Virginia, for
Appellant Woodson. John Granville Douglass, Assistant United
States Attorney, Richmond, Virginia, for Appellee. **ON BRIEF:**
Helen F. Fahey, United States Attorney, M. Hannah Lauck, Assistant
United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The appellants, Tyrone Sedgwick, Shannon Pulliam, Bernard James, and Corwin Woodson, appeal their respective convictions for conspiracy to possess with intent to distribute and to distribute in excess of fifty grams of cocaine base (crack), see 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846, and related drug, firearms, and money laundering convictions. With one exception, we affirm all of the appellants' convictions and sentences. Because Woodson's conviction for use of a firearm during and in relation to a drug trafficking crime, see 18 U.S.C. § 924(c), cannot stand in light of the Supreme Court's recent decision in Bailey v. United States, 116 S. Ct. 501 (1995), we vacate that conviction and remand Woodson's case for resentencing.

I

The government's evidence at trial established that the appellants were members of a conspiracy that distributed crack in the Whitcomb Court housing project in Richmond, Virginia, from July 1991 to September 14, 1994. Generally, crack was stored in a nearby "stash" house and distributed at the intersection of Bethel and DeForrest Streets. The government's evidence consisted of the testimony of cooperating witnesses and law enforcement officers, physical evidence obtained during various searches, videotaping of financial transactions, and recorded conversations.

As a result of their activity, in October 1994, the appellants and six others were charged with numerous violations of the federal drug laws, including conspiracy to possess with intent to distribute and to distribute in excess of fifty grams of crack, see 21 U.S.C. §§ 841(b)(1)(A)(ii) and 846. Additionally, Sedgwick was charged with one count of distributing in excess of fifty grams of crack, see 21 U.S.C. § 841(b)(1)(A)(ii). Pulliam was also charged with two counts of distributing in excess of fifty grams of crack, see id. James was also charged with three counts of money laundering, see 18 U.S.C. § 1956(a)(1)(B)(i), two counts of engaging in monetary transactions in property derived from illegal activity, see 18 U.S.C. § 1957(a), and two counts of possession with intent to distribute

3

crack, see 21 U.S.C. § 841(a)(1). Woodson was also charged with two counts of money laundering, see 18 U.S.C.§ 1956(a)(1)(B)(i), two counts of engaging in monetary transactions in property derived from illegal activity, see 18 U.S.C. § 1957(a), one count of possession with intent to distribute crack, see 21 U.S.C.§ 841(a)(1), and one count of using a firearm during and in relation to a drug trafficking crime, see 18 U.S.C. § 924(c).

At trial, the district court dismissed the count charging Sedgwick with distributing in excess of fifty grams of crack, see 21 U.S.C. § 841(b)(1)(A)(ii), and one of the two counts charging Pulliam with that same offense. The remaining counts were submitted to the jury. The jury returned verdicts of guilty as to all counts except the remaining count charging Pulliam with distributing in excess of fifty grams of crack, see id. The district court sentenced Sedgwick to 178 months' imprisonment, Pulliam to 180 months' imprisonment, and James to 188 months' imprisonment. Woodson was sentenced to 180 months' imprisonment on the conspiracy count and received a mandatory sixty month consecutive sentence on the firearm count; thus, his total sentence was 240 months' imprisonment. The appellants noted a timely appeal.

II

The appellants raise numerous assignments of error, only two of which merit discussion. We shall address these assignments of error in turn.

A

After deliberating for approximately six hours, the jury asked the following question: "If the jury cannot reach a unanimous decision on a specific count what do we write on the verdict form?" (J.A. 802). In response, the district court, pursuant to Allen v. United States, 164 U.S. 492 (1896), told the jury:

> I'm going to suggest that you go ahead and complete your deliberations as to all of the counts. If after that there are indeed counts or a count upon which you cannot reach a

4

unanimous verdict, you will simply write in "unable to reach verdict" next to that count in the verdict form. And of course, understanding that that "unable to reach verdict" will be shorthand for unable to reach a unanimous verdict as to that specific count.

Now, members of the jury, by your question there is an indication that you may have been unable to agree upon a verdict as to a specific count. I've decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you have considered the evidence impartially with your fellow jurors. During your deliberations you should not hesitate to re-examine your views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict, and with that, I will send you back to continue your deliberations. Thank you.

(J.A. 803-04). Shortly after the district court gave this instruction, the jury reached unanimous verdicts.

On appeal, the appellants contend that the district court's <u>Allen</u> charge, which is an instruction that advises "deadlocked jurors to have deference to each other's views, that they should listen, with a disposition to be convinced, to each other's argument," <u>United States v. Seeright</u>, 978 F.2d. 842, 845 n.* (4th Cir. 1992), was coercive and, therefore, an abuse of discretion. We disagree. We review the decision to give or not to give a jury instruction and the content thereof

5

under the abuse of discretion standard. United States v. Russell, 971 F.2d 1098, 1107 (4th Cir. 1992), cert. denied , 113 S. Ct. 1013 (1993).

This court has consistently upheld Allen charges that are fair, neutral, and balanced. See, e.g., Carter v. Burch, 34 F.3d 257, 264-65 (4th Cir. 1994), cert. denied, 115 S. Ct. 1101 (1995); United States v. Boone, 759 F.2d 345, 348 (4th Cir.), cert. denied, 474 U.S. 861 (1985). The Allen charge in this case is no exception. First, the district court encouraged each juror to strive to reach a unanimous verdict but only if each juror could do so without violating his or her individual judgment and conscience. Second, the district court instructed each juror not to change an honest belief solely because of the opinions of fellow jurors or to reach a unanimous verdict--thus, the instruction avoided the "most egregious" of all Allen charge errors, which is "to suggest, in any way, that jurors surrender their conscientious convictions." United States v. Burgos, 55 F.3d 933, 939 (4th Cir. 1995). In short, there was no abuse of discretion in this case.

B

During a search of Woodson's apartment on September 14, 1994, the police recovered ninety-three grams of crack from drawers in the kitchen and a shotgun in one of the bedrooms. The shotgun recovered in one of the bedrooms formed the basis of the count charging Woodson with using a firearm during and in relation to a drug trafficking offense, see 18 U.S.C. § 924(c). On appeal, Woodson challenges the sufficiency of the evidence.

As to Woodson's conviction for using a firearm during and in relation to a drug trafficking offense, see id., the government concedes that Bailey controls and that Woodson's conviction as to this count should be vacated. In Bailey, the Court held that the word "use" as contained in § 924(c) "denotes active employment." 116 S. Ct. at 509. Examples of "use" cited by the Court include"brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." Id. at 508. An example falling outside the definition of "use" cited by the Court is storage of a firearm. Id. In this case, the government concedes that Woodson's possession of the shotgun amounted to nothing more than storage. Accordingly, we vacate this conviction and remand for resentencing on the remaining counts.

6

We note that on remand, the district court is free to assess the application of United States Sentencing Commission, <u>Guidelines Manual</u>, § 2D1.11(b)(1) (Nov. 1994), which provides that "if a dangerous weapon (including a firearm) was possessed, increase by two levels." The district court was not at liberty to consider the application of this guideline at sentencing because when a defendant is sentenced to the five year consecutive minimum sentence under§ 924(c), a specific offense characteristic for possession of a firearm is not to be applied for the underlying offense. <u>See</u> USSG§ 2K2.4, comment. (n.2). That prohibition no longer applies because the § 924(c) count has been vacated.

III

For the reasons stated herein, we affirm all of the convictions except Woodson's conviction under 18 U.S.C. § 924(c), which we vacate. We affirm all of the sentences except Woodson's, which we vacate and remand for resentencing.

No. 95-5417 - <u>AFFIRMED</u>

No. 95-5418 - <u>AFFIRMED</u>

No. 95-5428 - <u>AFFIRMED IN PART, VACATED IN PART AND REMANDED FOR RESENTENCING</u>

No. 95-5461 - <u>AFFIRMED</u>